# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| BRENTWOOD CREEK, *et al.*, | |
| Plaintiffs, | CIVIL ACTION |
| v. | NO. 1:17-cv-02435-WSD-RGV |
| JAYME STANBACK *and All Others*, | |
| Defendant. | |

## MAGISTRATE JUDGE'S FINAL REPORT, RECOMMENDATION, AND ORDER

This matter is before the Court on defendant Jayme Stanback's ("Stanback") affidavit and application to proceed *in forma pauperis*, [Doc. 1],[1] and notice of removal, [Doc. 1-1]. From the documents before the Court, it appears that plaintiffs, Brentwood Creek and American Management Group ("plaintiffs"), initially filed this action in the Magistrate Court of Fulton County, Georgia, seeking a writ of possession against Stanback. See [id. at 10]. Stanback, proceeding without counsel, seeks to remove this dispossessory action to federal court and to proceed *in forma pauperis*. [Docs. 1 & 1-1]. After consideration of Stanback's affidavit of indigency, Stanback's request to proceed *in forma pauperis* is hereby **GRANTED** pursuant to 28

---

[1] The document and page numbers in citations to the record refer to the document and page numbers listed in the Adobe file reader linked to this Court's electronic filing database, CM/ECF.

U.S.C. § 1915(a). However, because the Court lacks subject matter jurisdiction over the action Stanback seeks to remove, it is **RECOMMENDED** that this case be **REMANDED** to the Magistrate Court of Fulton County.

"'[A]ny action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending.'" PHH Mortg. Corp. v. Diamond, No. 1:06-CV-0673WSD, 2006 WL 839405, at *1 (N.D. Ga. Mar. 29, 2006) (quoting 28 U.S.C. § 1441(a)). "A defendant . . . desiring to remove any civil action . . . from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant . . . in such action." 28 U.S.C. § 1446(a). When a petition for removal is filed, however, the Court is obligated to consider, *sua sponte*, whether it has jurisdiction over the action. Bank of N.Y. v. Wilson, Civil Action File No. 1:08-CV-332-TWT, 2008 WL 544741, at *1 (N.D. Ga. Feb. 25, 2008), adopted at *1. "If a court does not have original jurisdiction, a district court may *sua sponte* remand a case on the basis of lack of subject matter jurisdiction." Citibank, N.A. v. Gumbs,

Civil Action No. 1:07-CV-2476, 2007 WL 3491744, at *3 (N.D. Ga. Nov. 6, 2007), adopted at *1; see also 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

"Only state-court actions that originally could have been filed in federal court may be removed[.]" Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (footnote omitted). Federal courts have original jurisdiction over an action only if: "(1) the parties are diverse and meet the statutory requirements for diversity jurisdiction; (2) the face of the complaint raises a federal question; or (3) the subject matter of a putative state-law claim has been totally subsumed by federal law such that the state-law claims are completely preempted." Stegeman v. Wachovia Bank, Nat'l Ass'n, No. 1:06-CV-0247-WSD, 2006 WL 870420, at *1 (N.D. Ga. Apr. 4, 2006) (citing Lontz v. Tharp, 413 F.3d 435, 439-40 (4th Cir. 2005)). "Determination of whether a claim arises under federal law 'is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff[s'] properly pleaded complaint.'" Wilson, 2008 WL 544741, at *1 (quoting Caterpillar, 482 U.S. at 392). Under the well-pleaded complaint rule, plaintiffs are "the master of the claim; [they] may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar, 482 U.S. at 392 (footnote

3

omitted); Wilson, 2008 WL 544741, at *1 (citations and internal marks omitted). "In determining the presence of a federal question, this Court looks to the substance, not the labels, of the plaintiff[s'] claims as contained in the factual allegations in the complaint." Citimortgage, Inc. v. Dhinoja, 705 F. Supp. 2d 1378, 1381 (N.D. Ga. 2010) (citation omitted). The burden is on Stanback as the removing party to show that the federal court has jurisdiction. Etowah Envtl. Grp., LLC v. Walsh, Civil Action No. 2:10-CV-180-RWS, 2011 WL 1060600, at *3 (N.D. Ga. Mar. 21, 2011) (citing Friedman v. N.Y. Life Ins. Co., 410 F.3d 1350, 1353 (11th Cir. 2005)).

Stanback's attempt to remove this action is deficient in several respects. First, Stanback seeks to remove this action on the basis of federal question jurisdiction. [Doc. 1-1 at 1-2, 5].[2] In particular, Stanback "complains on matters which go to

---

[2] To the extent Stanback asserts diversity jurisdiction, see [Doc. 1-1 at 1], diversity jurisdiction would be improper. "The principal federal statute governing diversity jurisdiction, 28 U.S.C. § 1332, gives federal district courts original jurisdiction of all civil actions 'between . . . citizens of different States' where the amount in controversy exceeds $75,000." Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005) (alteration in original) (footnote omitted) (quoting 28 U.S.C. § 1332 (a)(1)). "Under [28 U.S.C.] § 1332(a), an in-state plaintiff may invoke diversity jurisdiction in a federal court that sits in the state where the plaintiff resides," however, "[t]he removal statute does not provide an in-state defendant the same flexibility in removing cases." Fed. Nat'l Mortg. Ass'n v. Avendano, Civil Action File No. 1:10-CV-3391-TWT-AJB, 2010 WL 4963027, at *3 (N.D. Ga. Oct. 28, 2010), adopted by 2010 WL 4963024, at *1 (N.D. Ga. Nov. 30, 2010) (citing Lincoln Prop. Co., 546 U.S. at 89-90). Indeed, "[28 U.S.C.] § 1441(b) bars removal on the basis of diversity if the defendant is a citizen of the [s]tate in which the action is brought." Id. (citations and internal marks omitted). Therefore, "§ 1441(b) does not permit removal on diversity grounds to the Northern District of Georgia because [Stanback] [is a] citizen[] of the

related federal questions," including "federal civil jurisdiction . . . . [and] various systematic and premeditated deprivations of fundamental Rights guaranteed by the U.S. Constitution . . . and [] federal law," in violation of 18 U.S.C. §§ 241 and 242. [Id. at 5]; see also [id. at 5-6 (footnote omitted) (alleging actual or potential violations of various provisions of the federal and Georgia constitutions, including the "right to Fair and Impartial Proceedings," and the "right to a jury trial")].  However, it appears from the documents filed with the notice of removal that plaintiffs brought a dispossessory action in the Magistrate Court of Fulton County, Georgia, and there is no indication from the documents submitted by Stanback for this Court's consideration that plaintiffs have raised any federal claim in the dispossessory action.  See [id. at 10].  Instead, Stanback's reliance on federal law appears to be a defense to the underlying state-court dispossessory action, but "[a] defense that raises a federal question is inadequate to confer federal jurisdiction." Merrell Dow Pharm. v. Thompson, 478 U.S. 804, 808 (1986) (citation omitted); see also Gumbs, 2007 WL 3491744, at *4; Wilson, 2008 WL 544741, at *2 (quoting Caterpillar, 482 U.S. at 393).  Indeed, "[i]f a federal question is not presented on the face of the complaint, it is no substitute that the defendant is almost certain to raise a federal defense."

---

[s]tate of Georgia . . . ."  Avendano, 2010 WL 4963027, at *4 (citations omitted); see also Bregman v. Alderman, 955 F.2d 660, 663 (11th Cir. 1992) (per curiam) (citation omitted); [Doc. 1 at 5; Doc. 1-1 at 10; Doc. 1-2 at 1].

Dhinoja, 705 F. Supp. 2d at 1381 (citation and internal marks omitted). Alternatively, if Stanback relies on federal law in support of a counterclaim rather than a defense, it is well-settled that a counterclaim cannot serve as the basis for federal question jurisdiction. See Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831 (2002) (citations omitted). Stanback's allegations are thus insufficient to establish that the Court has federal question jurisdiction in this case. See Diamond, 2006 WL 839405, at *2.[3]

---

[3] Stanback appears to argue that, even if the dispossessory action initiated by plaintiffs in the Magistrate Court of Fulton County does not arise under federal law, removal is nonetheless proper because the state action "implicates [] significant federal issue[s]" and the "right to relief depends upon the construction or application of [federal law]." [Doc. 1-1 at 3 (last alteration in original) (citations and internal marks omitted)]. While it is true that there is a "'special and small category of cases' in which federal question jurisdiction will lie over state-law claims that implicate significant federal issues," Section 23 Prop. Owners Ass'n, Inc. v. Robinson, No. 2:13–cv–176–Ftm–99SPC, 2013 WL 1434935, at *2 (M.D. Fla. Mar. 20, 2013), adopted by 2013 WL 1435038, at *1 (M.D. Fla. Apr. 9, 2013) (internal marks omitted) (quoting Gunn v. Minton, 133 S. Ct. 1059, 1064-65 (2013)); see also Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 312 (2005) (citation omitted), the Supreme Court has described that category as "'slim,'" and "[t]he vast majority of cases that come within federal question jurisdiction are those in which federal law creates the cause of action," Robinson, 2013 WL 1434935, at *2 (citation omitted) (citing Merrell Dow Pharm., 478 U.S. at 808). The Court may thus exercise federal question jurisdiction over a state-law claim implicating a federal issue only if that issue is "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." Id. (citation and internal marks omitted) (quoting Gunn, 133 S. Ct at 1065). Here, the state action brought by plaintiffs does not satisfy any of these elements, but appears simply to be a routine state dispossessory proceeding that is based entirely on state law and does not implicate federal issues of any sort, much less a federal issue sufficiently substantial or "serious" to warrant the exercise

Accordingly, because the action initiated by plaintiffs in the Magistrate Court of Fulton County is exclusively a matter of state law, the Court lacks subject matter jurisdiction over this action, and the action must therefore be remanded to the Magistrate Court of Fulton County. See Caterpillar Inc., 482 U.S. at 392; Dhinoja, 705 F. Supp. 2d at 1381 (remanding case where "the dispossessory claim that form[ed] the basis of this action [was] exclusively a matter of state law"); see also Finvest Roxboro, LLC v. Bozick, Civil Action File No. 1:13–CV–3678–TWT, 2013 WL 6795232, at *1-3 (N.D. Ga. Dec. 20, 2013), adopted at *1; HSBC Mortg. Servs., Inc. v. Williams, Civil Action No. 1:07-CV-2863-RWS, 2007 WL 4303725, at *2 (N.D. Ga. Dec. 10, 2007) (granting remand in dispossessory action where no federal question was present on the face of the plaintiff's complaint and the requirements for diversity jurisdiction were not satisfied).

---

of federal question jurisdiction on this exceedingly narrow basis. See Gunn, 133 S. Ct at 1065 (quoting Grable & Sons Metal Prods., Inc., 545 U.S. at 313) (Federal question jurisdiction over state-law claim implicating federal issue held appropriate where there is a "'serious federal interest in claiming the advantages thought to be inherent in a federal forum[.]'"); Advance Am. v. King, No. 1:04–CV–2765–WSD, 2006 WL 304050, at *3 n.7 (N.D. Ga. Feb. 7, 2006) (citation omitted) (citing Grable & Sons Metal Prods., Inc., 545 U.S. at 312). Accordingly, Stanback's argument in this regard is without merit, and the Court does not have federal question jurisdiction over the action Stanback seeks to remove.

For the foregoing reasons, Stanback's request to proceed *in forma pauperis* is **GRANTED**, but it is **RECOMMENDED** that this case be **REMANDED** to the Magistrate Court of Fulton County.

The Clerk is **DIRECTED** to terminate this reference.

**IT IS SO ORDERED** and **RECOMMENDED**, this 5th day of July, 2017.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE