**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

**BRENTWOOD CREEK/
AMERICAN MGMT GROUP,**

                    **Plaintiff,**

        **v.**                                                    **1:17-cv-2435-WSD**

**JAYME STANBACK AND ALL
OTHER OCCUPANTS,**

                    **Defendant.**

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Russell G. Vineyard's

Final Report and Recommendation ("R&R") [3], which recommends remanding

this dispossessory action to the Magistrate Court of Fulton County, Georgia.

### I.    BACKGROUND

On June 9, 2017, Plaintiff Brentwood Creek/American Mgmt Group

("Plaintiff") filed, in the Magistrate Court of Fulton County, Georgia, [1] a

dispossessory proceeding against its tenant, Defendant Jayme Stanback

---

[1]      No. 17ED35560.

("Defendant").[2] The dispossessory proceeding seeks possession of the premises occupied by Defendant, and past due rent, fees and costs.

On June 29, 2017, Defendant, proceeding *pro se*, removed the Fulton County dispossessory action to this Court by filing a Notice of Removal [2] and an application to proceed *in forma pauperis* ("IFP") [1].  Defendant appears to assert in the removal petition that federal question jurisdiction exists because "Defendant complains of various systematic and premeditated deprivations of fundamental Rights guaranteed by the U.S. Constitution, by the Constitution of the State of Georgia and by federal law, and which deprivations are violations of 18 U.S.C. §§ 241 and 242."  (Notice of Removal [2] at 5).

On July 5, 2017, Magistrate Judge Vineyard granted Defendant's application to proceed IFP.  The Magistrate Judge then considered, *sua sponte*, whether there is federal subject matter jurisdiction over the action removed.  The Court found that federal subject matter jurisdiction was not present and recommended that the Court remand the case to the Magistrate Court of Fulton County.  The Magistrate Judge also found that Plaintiff's Complaint asserts a state court dispossessory

---

[2]     This case is brought against Jayme Stanback "and all other occupants." Jayme Stanback filed the Motion for Removal, did not identify "other occupant" defendants and the Court considers Stanback as the sole defendant in this action.

action and that a federal law defense or counterclaim does not confer federal question jurisdiction.  The Magistrate Judge concluded that the Court does not have federal jurisdiction over this action.

There are no objections to the R&R.

## II.    DISCUSSION

### A.    Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

### B.    Analysis

The Magistrate Judge found that Plaintiff's Complaint does not present a federal question.  It is well-settled that federal question jurisdiction exists only

when a federal question is presented on the face of a plaintiff's well-pleaded complaint and that assertion of defenses or counterclaims based on federal law cannot confer federal question jurisdiction over a cause of action.  See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003); Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-32 (2002).  Although the Defendant lists various federal authorities in which the Court has jurisdiction to hear cases, for the reasons stated in the R&R, Defendant fails to allege facts to show that federal question jurisdiction exists here.  (Notice for Removal [2] at 2).

Although not alleged in the Notice of Removal, the Court also concludes that diversity jurisdiction is not present in this action.  Diversity jurisdiction exists over suits between citizens of different states where the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  The Defendant here does not, in the Notice of Removal, state the citizenship of either party and does not allege facts to establish diversity jurisdiction.[3]  Even if complete diversity was alleged, the amount-in-controversy requirement is not met.  "[A] claim seeking only ejectment

---

[3]     On the Civil Cover Sheet, Defendant lists himself as a "citizen of this state" and lists Plaintiff as "incorporated or principal place of business in this state." (Civil Cover Sheet [2.1]).  The Court notes that, based on the Civil Cover Sheet, it appears that both parties are citizens of the same state and diversity jurisdiction would be improper.  See 28 U.S.C § 1332(a).

in a dispossessory action cannot be reduced to a monetary sum for the purposes of determining the amount in controversy." <u>Citimortgage, Inc. v. Dhinoja</u>, 705 F. Supp. 2d 1378, 1382 (N.D. Ga. 2010); <u>Novastar Mortg., Inc. v. Bennett</u>, 173 F. Supp. 2d. 1358, 1361 (N.D. Ga. 2001), <u>aff'd</u>, 35 F. App'x 858 (11th Cir. 2002); <u>cf.</u> <u>Fed. Home Loan Mortg. Corp. v. Williams</u>, Nos. 1:07-cv-2864-RWS, 1:07-cv-2865-RWS, 2008 WL 115096, at *2 (N.D. Ga. Jan 29, 2008) ("[A] dispossessory proceeding under Georgia law in not an ownership dispute, but rather a dispute over the limited right to possession, title to property is not at issue and, accordingly, the removing Defendant may not rely on the value of the property as a whole to satisfy the amount in controversy requirement.").  Removal was not properly based on diversity of citizenship.[4]

Because the Court lacks both federal question and diversity jurisdiction, this action is required to be remanded to the Fulton County Magistrate Court.  <u>See</u> 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

---

[4]    The Magistrate Judge also found that removal was procedurally defective because Defendant, assuming that he is a citizen of Georgia, cannot remove to federal court an action brought against him in a Georgia state court.  <u>See</u> 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of [diversity] jurisdiction…may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.")

### III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Russell G. Vineyard's

Report and Recommendation [3] is **ADOPTED**.

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the

Magistrate Court of Fulton County, Georgia.


**SO ORDERED** this 26th day of July, 2017.


WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE